**\*E-FILED ON 6/3/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUEDILLAS RICARDO WALKER, MYRTLE VIVIAN WALKER and WILLIAM BERKELEY WALKER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SANTA CLARA, GERALD EGGE, EARL PENNINGTON, GAIL DAVIS, JOHN SCHON, RANDY DANTO and DOES 1-100,<br><br>Defendants. | No. C04-02211 RMW (HRL)<br><br>**ORDER GRANTING IN PART PLAINTIFF QUEDILLAS RICARDO WALKER'S MOTION TO COMPEL ADDITIONAL DISCOVERY RESPONSES**<br><br>**[Re: Docket No. 49]** |

In this civil rights action, plaintiff Quedillas Ricardo Walker ("plaintiff" or "Walker") alleges that, as a result of defendants' misconduct, he was wrongfully convicted and imprisoned for the 1991 murder of Lisa Hopewell. On May 24, 2005, this court heard his motion to compel additional discovery responses from defendant Santa Clara County ("County"). At issue are several requests for admission and interrogatories pertaining to plaintiff's claimed innocence. The County opposed the motion. Upon consideration of the papers submitted, as well as the arguments of counsel, the court issues the following order.[1]

---

[1] Preliminarily, the County contends that plaintiff's meet/confer efforts were inadequate because he did not respond to its January 25, 2005 letter offering to amend its responses. Perhaps further meet/confer negotiations might have eliminated some of the issues or at least refined them for the court's consideration. Nevertheless, given the parties' stated positions as to the relevance (or not) of the requested discovery, it does not seem that further negotiations could

**1.     Relevance of Discovery on Plaintiff's Claimed Innocence**

As a threshold matter, the parties disagree as to whether discovery concerning plaintiff's claimed innocence is relevant. The County asserts that evidence of plaintiff's guilt or innocence is irrelevant because it will not "lead to a legal conclusion" that defendants violated his constitutional rights. Moreover, it contends that a finding of factual innocence is inadmissible in any action. *See* Cal. Penal Code § 851.8(i).

However, discovery need only be reasonably calculated to lead to the discovery of admissible evidence. *See* Fed.R.Civ.P. 26(b)(1). Here, the parties' Joint Case Management Statement indicates that one of the principal factual disputes in this action is "[w]hether Walker was in any way involved in the murder of Hopewell." (Davis Decl., Ex. G at 3). Moreover, any evidence (or lack thereof) of plaintiff's involvement in the murder is relevant or reasonably calculated to lead to admissible evidence of, for example, plaintiff's claim that defendants engaged in a conspiracy to deny him equal protection of the law, or to his claim for intentional infliction of emotional distress.

The County argues that the introduction of any such evidence at trial will be prejudicial. However, issues as to the admissibility or the alleged prejudicial effect of plaintiff's anticipated evidence at trial are not before the court on the instant motion. The County's expectation that it will successfully have all evidence of innocence excluded at trial does not excuse its obligation to produce the evidence in discovery.

**2.     Requests for Admission Nos. 1-3**

Plaintiff moves to compel answers to Requests for Admission Nos. 1-3 which seek admissions that he is "is factually innocent of," "was not involved in" and "was not an accomplice to" the murder of Lisa Hopewell.[2] The County contends that these requests seek information that is not within the

---

have resolved the dispute entirely.

[2]     The requests for admission at issue are as follows:

Request for Admission No. 1: "Admit that plaintiff Quedillas Walker (hereafter "WALKER" in these requests) is factually innocent of the murder of Lisa Hopewell."

Request for Admission No. 2: "Admit that WALKER was not involved in the murder of Lisa Hopewell."

United States District Court
For the Northern District of California

1  personal knowledge of the County or any County employee.  It further asserts that persons with
2  knowledge of plaintiff's involvement are not within the County's control and have provided conflicting
3  accounts in any event.

4  Under Fed.R.Civ.P. 36(a), "[a]n answering party may not give lack of information or
5  knowledge as a reason for failure to admit or deny unless the party states that the party has made
6  reasonable inquiry an that the information known or readily obtainable by the party is insufficient to
7  enable the party to admit or deny."  The court agrees that the County cannot be forced to admit or
8  deny matters which it does not know.  Here, however, the County has responded with objections,
9  admitting only that plaintiff sought and obtained a finding of factual innocence.  To the extent the
10 County claims lack of knowledge or information as a reason for its inability to either admit or deny the
11 matter in question, its responses do not comply with Fed.R.Civ.P. 36(a).

12 Accordingly, plaintiff's motion is GRANTED as to Requests for Admission Nos. 1-3.  No
13 later than **June 17, 2005**, the County shall serve amended answers to these requests.  To the extent it
14 cannot truthfully admit or deny the matter in question after a reasonable inquiry, the County shall so
15 state, providing a detailed explanation as to why it is unable to do so.  *See Asea , Inc. v. Southern*
16 *Pacific Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (espousing the view that "permitting a
17 party to avoid admitting or denying a proper request for admission simply by tracking the language of
18 Rule 36(a) would encourage additional abuse of the discovery process.")

19 **3.    Interrogatory Nos. 12-14 and 17**

20 Plaintiff moves to compel an answer to Interrogatory No. 12 which asks "Do you contest
21 Walker's factual innocence of the murder of Lisa Hopewell?"  In meet/confer negotiations, plaintiff
22 clarified that he wants to know whether the County will contest his anticipated trial testimony that he is
23 innocent.  With respect to Interrogatory Nos. 13-14 and 17,[3] plaintiff says that he wants to know what

---

Request for Admission No. 3: "Admit that WALKER was not an accomplice to the murder of Lisa Hopewell."

(*See* Davis Decl., Ex. I).

[3]    Interrogatory Nos. 13, 14 and 17 are as follows:

Interrogatory No. 13:  "If your answer to interrogatory No. 12 is anything other

3

evidence supports the County's "preserved contention" that he is not innocent of any involvement in the murder.

For the same reasons stated above, the County says that at this time, it cannot take a position as to plaintiff's claimed innocence, but nonetheless reserves the right to contest that claim later based upon further evidence that may be obtained in discovery. Because discovery is ongoing, the court is disinclined to force the County now to make a contention that it says it is unable to assert at this time. Nonetheless, the court agrees that plaintiff is entitled to know all the information upon which the County's "preserved contention" is based. Indeed, the County says that it is willing – and previously offered – to do just that.

Accordingly, plaintiff's motion as to Interrogatory Nos. 12-14 and 17 is GRANTED. No later than **June 17, 2005**, the County shall serve its amended answers to these interrogatories, identifying all evidence upon which it bases its "preserved contention" that plaintiff may not be innocent.

IT IS SO ORDERED.

Dated:  June 3, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

than an unqualified 'no,' then state all facts and the application of law to the facts that support this position."

Interrogatory No. 14:  "If your answer to interrogatory No. 12 is anything other than an unqualified 'no,' then describe all documents and things that support Defendant's position by title, date, or other specific description."

Interrogatory No. 17:  "Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

    (a)    state the number of the request;
    (b)    state all facts upon which you base your response;
    (c)    state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and
    (d)    identify all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing.

(*See* Davis Decl., Ex. J).

5:04-cv-2211 Notice will be electronically mailed to:

Winifred Botha     winifred_botha@mail.cco.co.santa-clara.ca.us

Matthew D. Davis     mdavis@walkuplawoffice.com

My-Le Jacqueline Duong     Jacqueline.duong@cco.sccgov.org

Aryn Paige Harris     aryn_harris@cco.co.scl.ca.us

Richard H. Schoenberger     rschoenberger@walkuplawoffice.com,

Gregory J. Sebastinelli     gregory.sebastinelli@cco.co.scl.ca.us

Counsel are responsible for distributing this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.